# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:22-cv-61136-LEIBOWITZ/AUGUSTIN-BIRCH

**HYBRID PHARMA LLC**,

     *Plaintiff,*

*v.*

**MATTHEW KNISPEL,** *et al.*,

     *Defendants.*

_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

THIS MATTER was referred to United States Magistrate Judge Panayotta Augustin-Birch for a report and recommendation on Defendants' Joint Verified Motion to Tax Attorneys' Fees [ECF No. 204] ("the Motion"). Judge Augustin-Birch has since issued a Report and Recommendation ("the R&R"), recommending that the Motion be granted. [ECF No. 208]. Plaintiff has filed objections to the R&R [ECF No. 209], and Defendants filed a response [ECF No. 210]. After careful review of the filings, the applicable law, and the record, the Court adopts Judge Augustin-Birch's R&R in its entirety.

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned up). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (cleaned up). To

the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Id.* at 784 (cleaned up).

A court may grant a plaintiff attorneys' fees in a § 1983 case when the "court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980); *see* 28 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of sections . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]"). "The plaintiff's action must be meritless in the sense that it is groundless or without foundation.  The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes*, 449 U.S. at 14.

"In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (citing *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981)).  "Factors considered important in determining whether a claim is frivolous also include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id.*  Additionally, a plaintiff's § 1983 claim "should not be considered groundless or without foundation for the purpose of an award of fees in favor of the defendants when the claims are meritorious enough to receive careful attention and review." *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991); *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1303 (11th Cir. 2021).

Plaintiff objects to Magistrate Judge Augustin-Birch's R&R on the ground that "The Magistrate Judge Erred in Finding the Relevant Factors Weigh in Favor of Entitlement[.]"  [Pls. Objections, ECF No. 209 at 3].  First, Plaintiff argues that Judge Birch erred in finding that the first

factor weighs in favor of entitlement to fees because the Court applied the wrong substantive standard for a "class of one" claim.  [*Id.*].  This argument has been rejected by this very Court which found that Plaintiff "fundamentally misunderstands the Eleventh Circuit's test for whether a comparator is similarly situated."  [*See* Order Adopting Magistrate's Report and Recommendation Granting Defendants' Joint Motion for Summary Judgment, ECF No. 196 at 4].  Accordingly, this Court finds on a *de novo* review that the Plaintiff has not established a *prima facie* case of a "class of one" claim.

Plaintiff's next and final objection is that because this Court carefully considered Plaintiff's claims, the Court should not award attorneys' fees under the fourth factor.  [Pls. Objections at 10–11].  While a court may not award attorneys' fees where a plaintiff's claims, "though weak, [are] not entirely without foundation," *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1182 (11th Cir. 2005) (cleaned up), Plaintiff's claims here were more than just weak – there was no "case law supporting the claims." *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1303 (11th Cir. 2021) ("The fourth consideration . . . also weighs in favor of finding frivolity.  The district court was not required to grapple with a novel area of law, nor was there any case law supporting the claims.").  Here, this Court found no case which supported Plaintiff's position.  [*See* Order Adopting Magistrate's Report and Recommendation Granting Defendants' Joint Motion for Summary Judgment, ECF No. 196 at 6 (finding that Plaintiff "pointed to no evidence" that the purported comparators were similarly situated).  Thus, this Court finds, on a *de novo* review of the R&R, that Plaintiff's claims were not meritorious enough to receive careful attention by this Court.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Magistrate Judge Augustin-Birch R&R [**ECF No. 208**] is **AFFIRMED AND ADOPTED**.

2. Defendants' Joint Verified Motion to Tax Attorneys' Fees [**ECF No. 204**] is **GRANTED.** Plaintiff shall pay Defendants $52,170 in attorneys' fees.

3. Because Plaintiff has appealed this Court's Order Granting Defendants' Motion for Summary Judgment [*See* ECF No. 182], this Order is **STAYED** until the Eleventh Circuit disposes of the Appeal.  In the event that the Eleventh Circuit reverses this Court, Plaintiff may file a motion for reconsideration.

4. The **Clerk of Court** is directed to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on March 25, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:    counsel of record

4